**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Case No. 0:23-cv-61569-XXXX

VALERIE J. PETRORO-ROTHROCK,
An Individual,

    Plaintiff,

v.

GUNTHER MOTOR COMPANY
OF PLANTATION, INC.,
A Florida Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

Plaintiff, VALERIE J PETRORO-ROTHROCK, brings this action against Defendant, GUNTHER MOTOR COMPANY OF PLANTATION, INC., a Florida corporation, under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("**Regulation M**").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Broward County, Florida.

4. Defendant was at all relevant times, doing business in Broward County, Florida.

## FACTUAL ALLEGATIONS

5. In October of 2019, Defendant leased a new 2020 Kia Forte bearing VIN ending in 9544 ("**Vehicle**") to Plaintiff.

6. The Vehicle was leased under a Closed-End Motor Vehicle Lease ("**Lease**"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term:

> **9. PURCHASE OPTION AT END OF LEASE TERM**
> You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, **AS IS, WHERE IS**, from us or a party we designate, (See Section 23), for the Residual Value on line 7D above ("Purchase Price") plus a **Purchase Option Fee of $** _____150.00_____. You are also responsible for any official fees, such as those for taxes, tags, license and registration. Please see Section 23 of this Lease for additional terms and conditions.

Ex. A, Sec. 9. ("**Purchase Option**")**.**

8. Line 7D of the Lease disclosed the Residual Value to be $12,949.75.

9. No other fees or costs were associated with the purchase option in the Lease making the purchase option price $13,099.75. ("**Purchase Option Price**").

10. Plaintiff reasonably relied on these terms, including the Purchase

Option Price, when agreeing to the Lease.

11. Near the end of the lease term, Plaintiff contacted the lease servicer and asked about the process to buy the Vehicle. Plaintiff was directed to visit the Defendant to complete the buyout transaction.

12. In August of 2022, Plaintiff visited Defendant to exercise the Purchase Option in the Lease.

13. To Plaintiff's surprise, Defendant charged $13,468.00 (excluding sales tax) for the cash price of the Vehicle and also required Plaintiff to pay an additional $989.00 "Predelivery Service Charge" and $395.00 "Electronic Registration Filing Fee."

14. The $368.25 overcharge above the disclosed Purchase Option Price, the $989.00 "Predelivery Service Charge" and a $395.00 "Electronic Registration Filing Fee" were not official fees.

15. Plaintiff paid the increased purchase price along with the $989.00 "Predelivery Service Charge" and $395.00 "Electronic Registration Filing Fee," without knowing they were illegal.

16. Defendant never disclosed that the increase of the purchase price of $368.25 along with the $989.00 "Predelivery Service Charge" and $395.00 "Electronic Registration Filing Fee," were required to exercise the Purchase Option in the Lease.

17. Defendant's failure to accurately and completely disclose the Purchase Option Price in the Lease forced Plaintiff to spend money to buy the Vehicle at a price higher than what was disclosed in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

18. The CLA governs the disclosures in the Lease because the lease term ran for 39 months and was for less than $58,300. 15 U.S.C. § 1667(1).

19. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

20. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

21. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

22. As described above, Defendant also had substantial involvement in the lease transaction with Plaintiff.

23. Upon information and belief, Defendant financially gains on the resale of the Vehicle at the end of the Lease term.

24. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

25. The disclosure of the Purchase Option Price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

26. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by failing to accurately and completely disclose the Purchase Option Price in the Lease and that further payment of $368.25 along with the $989.00 "Predelivery Service Charge," and the $395.00 "Electronic Registration Filing Fee" were required to exercise the purchase option at the end of the Lease term.

27. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

28. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

29. Plaintiff suffered financial loss in that Plaintiff paid $1,752.25 more than what the Lease required to buy the Vehicle.

30. In addition, Plaintiff was charged an inflated amount as and for taxes when exercising the Purchase Option.

31. Had Defendant provided an accurate, complete, and clear Purchase Option Price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

32. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

33.     Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, VALERIE J. PETRORO-ROTHROCK, prays for relief and judgment against Defendant as follows:

A.   Actual and Statutory Damages as provided by law;

C.   Pre-judgment and post-judgment interest, as allowed by law;

D.   Reasonable attorneys' fees and costs;

E.    Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell leased vehicles for the price identified in the respective lease agreements; and

F.   Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

> Respectfully submitted,
>
> /s/ Joshua Feygin
> Joshua Feygin, Esq.
> FLORIDA BAR NO: 124685
> Email:  Josh@JFeyginesq.com
> **SUE YOUR DEALER – A LAW FIRM**
> 1930 Harrison Street Suite 208 F
> Hollywood, FL 33020
> Telephone: (954) 228-5674
> Facsimile: (954) 697-0357
> *Counsel for the Plaintiff*